```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

SANTANDER BANK, N.A.,           :
   plaintiff,                   :
                                :
    v.                          :  Civil No. 3:15cv1730(AVC)
                                :
ANGELA HARRISON,                :
   defendant.                   :
```

## AMENDED JUDGMENT OF STRICT FORECLOSURE

Based on the Court of Appeals for the Second Circuit's mandate dated July 30, 2021, <u>Santander Bank, N.A. v. Harrison</u>, No. 20-404, 2021 WL 2201120, summary order (2d Cir. July 30, 2021), the court enters the following amended judgment in this case:

**Property Foreclosed Address**: 7 Sable Street, Norwalk, CT 06854

Judgment of Strict Foreclosure is hereby entered as follows:

**Debt (as of December 19, 2017):** $ 338,633.98

**Appraisal Fee**: $ 665.00

**Title Search Fee**: $ 225.00

**TOTAL\***: $ 339,523.98

**Fair Market Value**: $ 220,000.00

\*Plus Per Diem Interest accruing at 4.5% after December 19, 2017, at $24.49 per day.

The defendant, Angela Harrison, had until the passing of her law day to redeem the premises.  Law days are set for subsequent encumbrances, if any, in the inverse order of their

priorities thereafter.  Pursuant to the hearing in this case, the court set the following law days:

1. February 5, 2018, for the owner of the equity of redemption, the defendant, Angela Harrison;

2. With title vesting in the plaintiff on February 6, 2018 in the event there are no subsequent encumbrancers.

ORDER FOR POSSESSION:

That the defendant, Angela Harrison, and all persons claiming possession of the premises through the defendant under any conveyance or instrument executed or recorded subsequent to the date of the lis pendens or whose interest shall have been thereafter obtained by descent or otherwise, deliver up possession of the premises to the plaintiff, or to any defendant redeeming in accordance with this decree, with stay of execution of ejectment in favor of the redeeming defendant until one day after the time herein limited to redeem, and if all parties fail to redeem, then until the day following the last assigned law day.

   The court further concludes that the claims for strict foreclosure and attorney's fees have been "finally decided" pursuant to 28 U.S.C. §1291 and "there is no just reason for delay" pursuant to Federal Rule of Civil Procedure 54(b).

Therefore, this represents final judgment on those claims, after remand.

It is so ordered this 8th day of September 2021, at Hartford, Connecticut.

>                    /s/
>         Alfred V. Covello
>         United States District Judge